[826 NYS2d 375]

In the Matter of HENRY J. USCINSKI (Admitted as HENRY JOHN USCINSKI, JR.), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 5, 2006

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Michael S. Ross*, New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing one charge of professional misconduct. After a prehearing conference and a hearing, Special Referee Sullivan sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to discipline the respondent as the Court deems appropriate under the circumstances. The respondent supports the Grievance Committee's motion to confirm the Special Referee's report and requests the imposition of a two-year suspension.

The charge alleges that respondent is guilty of professional misconduct in that he has been convicted of a serious crime, and has thereby violated Code of Professional Responsibility DR 1-102 (a) (3) and (4) (22 NYCRR 1200.3 [a] [3], [4]).

On November 8, 2002, the respondent was convicted of a serious crime upon pleading guilty to the federal felony of attempt to evade or defeat tax, in violation of 26 USC § 7201. On February 28, 2003, United States District Judge Maurice M. Paul of the United States District Court for the Northern District of Florida sentenced the respondent to a prison term of 42 months. In addition, the court imposed a fine in the sum of $250,000, and a special monetary assessment in the sum of $100. Prosecution costs in the sum of $4,592.49 were also imposed upon the respondent.

Based on the uncontroverted facts, the Special Referee properly sustained the charge. The Grievance Committee's motion to confirm the Special Referee's report, as supported by the respondent, is granted.

In determining an appropriate measure of discipline to impose, grievance counsel notes that the respondent has no disciplinary history in New York. Respondent submits that a sound basis exists for the imposition of a two-year suspension, recognizing that there are both aggravating and mitigating circumstances which the Special Referee considered.

By way of mitigation, the respondent offers his pro bono activities, his expressed remorse, the affidavits attesting to his fundamental good character, and the unlikelihood of recidivism.

Notwithstanding the respondent's attempts to mitigate the severity of his offense, the Special Referee noted that the respondent did not commit the typical variety of tax evasion. He did not simply fail to include income or overstate deductions. Instead, the respondent willfully evaded income taxes in 1996 in an effort to hide the money he had improperly transferred from his client. His subsequent conduct, as testified to by the two government witnesses at his sentencing hearing, involved lying to the government during a January 1999 telephone conference regarding the location and purpose of the transfers. As a result, the government exerted extensive efforts to trace this money and to eventually confirm that the respondent's statements were false.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of five years.

Prudenti, P.J., Florio, Miller, Schmidt and Adams, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Henry J. Uscinski, admitted as Henry John Uscinski, Jr., is suspended from the practice of law for a period of five years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of that period upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended,

and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Henry J. Uscinski, admitted as Henry John Uscinski, Jr., shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Henry J. Uscinski, admitted as Henry John Uscinski, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).